UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
In re:

MICHAEL N. SCHWARTZ,

Chapter 7
No. 15-12746 (MKV)

                              Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
UNITED STATES OF AMERICA,

Adversary Proceeding
No. 16-01046 (MKV)

                              Plaintiff,

    - against -

MICHAEL N. SCHWARTZ,

                              Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## STIPULATION AND ORDER

**WHEREAS**, on October 8, 2015, Michael N. Schwartz (the "Debtor"), filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Voluntary Petition");

**WHEREAS**, the Debtor's Voluntary Petition and accompanying schedules state that the Internal Revenue Service ("IRS") holds a disputed unsecured non-priority claim in the amount of $35,490,134;

**WHEREAS**, on February 17, 2016, the IRS filed a claim against the Debtor for unpaid civil penalties pursuant to 26 U.S.C. § 6707 for failing to register tax shelters organized and sold by the Debtor during the tax periods 2000 and 2002 (the "Civil Penalties"), as claim number 1, which the IRS asserted was comprised of an unsecured general claim in the amount of $35,462,688.08 (the "IRS Claim");

**WHEREAS**, on March 22, 2016, the United States filed an objection to discharge under 11 U.S.C. § 727(a) alleging, among things, that the Debtor transferred substantial property and funds to his wife, Cheryl Schwartz (the "Debtor's Wife"), with intent to hinder the IRS's efforts to collect the Civil Penalties (the "Objection to Discharge");

**WHEREAS**, the United States would seek to file an action against the Debtor's Wife to recover the property and funds the Debtor allegedly transferred to her with intent to hinder the IRS's efforts to collect the Civil Penalties;

**WHEREAS**, on March 20, 2017, the Debtor filed a motion to disallow the IRS Claim arguing that the IRS miscalculated the civil penalties assessed against the Debtor pursuant to 26 U.S.C. § 6707 for failing to register tax shelters organized and sold by the Debtor during the tax periods 2000 through 2002 (Dkt. 84, "Debtor's First Motion To Disallow IRS Claim");

**WHEREAS**, on July 14, 2017, the Debtor filed a second motion to disallow the IRS Claim asserting a reasonable cause defense to the assessment of civil penalties pursuant to 26 U.S.C. § 6707 for failing to register tax shelters organized and sold by the Debtor during the tax periods 2000 through 2002 (Dkt. 94, "Debtor's Second Motion To Disallow IRS Claim");

**WHEREAS**, the Debtor has demonstrated an inability to pay the full amount of the IRS Claim;

**WHEREAS**, the Government intends to file an action pursuant to 26 U.S.C. §§ 7402 and 7408 in the United States District Court for the Southern District of New York alleging that the Debtor organized and sold tax shelters during the tax years 2000 through 2002, and seeking a permanent injunction prohibiting the Debtor from organizing and selling tax shelters in the future (the "Injunction Lawsuit"); and

**WHEREAS**, the Parties intend to resolve the dispute over the IRS Claim and the Injunction Lawsuit as set forth herein;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and among the United States, on behalf of the IRS (the "Government" or "United States"), the Debtor, and the Debtor's Wife (collectively the "Parties"), as follows:

1. The Government agrees to accept and the Debtor and the Debtor's Wife agree to provide, in full satisfaction of the IRS Claim, (a) payment of $650,000 (the "Settlement Payment"), net of any amounts due to the Chapter 7 Trustee or any other creditors; (b) twenty percent of the Debtor's future annual income, as described in further detail below (the "Future Income Payments"); and (c) the Debtor's consent to enter into the injunction in the form attached hereto as Exhibit A ("Injunction") and to submit the Injunction for approval to the United States District Court for the Southern District of New York in the Injunction Lawsuit.

2. The Settlement Payment required by paragraph 1 shall be made by electronic funds transfer pursuant to written instructions to be provided by the United States Attorney's Office for the Southern District of New York.

3. The Debtor shall remit the Settlement Payment to the United States as follows: $100,000 within 30 days after entry of this Stipulation and Order and $550,000 on or before one (1) year after entry of this Stipulation and Order plus interest, which shall accrue annually from the date of entry of this Stipulation and Order until the date of the payment at a rate calculated in accordance with 26 U.S.C. § 6621(a)(2) and shall be compounded daily in accordance with 26 U.S.C. § 6622(a).

4. For purposes of the computation of Future Income Payments, the term "annual income," as used in this Stipulation and Order, means adjusted gross income as defined in Section

62 of the Internal Revenue Code (the "Code") as of December 31, 2017, with the modifications specified in paragraph 5 below, and with the additions and subtractions specified herein.

    a.    "Annual income" shall include all nontaxable income (including the Debtor's share of tax-exempt income of any partnership or S corporation, as defined in Code Section 1361) and profits or gains from any source whatsoever (including the fair market value of gifts, bequests, devises, inheritances and insurance payments).

    b.    Federal, state, and local income tax reportable on the Debtor's federal, state and local income tax returns for the year for which such annual income is being computed shall be subtracted in computing annual income, provided that such tax has been reported and paid.

    c.    Annual income for purposes of this Stipulation and Order only, and only to the extent initially reported by the Debtor on the Debtor's federal income tax return and/or statement of annual income, also shall be reduced by the Debtor's payments for the monthly maintenance co-op charges at the Debtor's residence located at 425 East 78th Street, Apartment 4C, New York, New York 10075 (the "Debtor's Residence").

    d.    Annual income shall be calculated without regard to the effect of any state community or other inter-spousal property laws.

    e.    Where income of the Debtor's spouse is not included in the calculation of the Debtor's Future Income Payments but the taxpayer files a joint income tax return with the Debtor's spouse, the federal, state and/or local income tax to be subtracted from the Debtor's separate income in computing the Future Income Payments, if any, shall be that portion of the joint federal, state, and/or local income tax which bears the same ratio to the whole of such tax as the amount of the federal income tax for which the taxpayer would

have been liable bears to the sum of the federal income taxes for which the Debtor and the Debtor's spouse would have been liable had each spouse filed a separate return (ignoring state community or other inter-spousal property laws).

5.       For purposes of the computation of Future Income Payments, in computing annual income under paragraph 4 above, the following modifications shall be made to the definition of "adjusted gross income";

      a.       Losses from the sale or exchange of property shall not be allowed, and any losses from the sale or exchange of property of any partnership or S corporation in which the Debtor holds an interest shall be excluded in computing the Debtor's share of the entity's income or loss under Code Sections 702 and 1366(a)(1);

      b.       The deductions under Code Section 404 for contributions on behalf of a self-employed individual and Code Section 219 for contributions to an individual retirement account shall not be allowed;

      c.       Any retirement distributions from the retirement accounts the Debtor declared in Item 12 in Schedule B of the Voluntary Petition filed by the Debtor in his bankruptcy on October 8, 2015, shall be excluded from adjusted gross income;

      d.       Any gain resulting from the sale of the co-op apartment located at 425 East 78th Street, Apartment 4C, New York, New York shall be excluded;

      e.       Any deduction or exclusion for long-term capital gains other than from the sale of the Marital Home shall not be allowed;

      f.       Consistent with paragraph 18 below, carryovers or carrybacks of net operating losses incurred before or after the period covered by this Stipulation and Order shall not be allowed; and

g.  Any net operating loss for any year during the period covered by this Stipulation and Order shall be carried forward and only to the immediately succeeding year.

6.  In the event closely held corporations (other than S corporations as defined in Code Section 1361) are directly or indirectly controlled or owned by the Debtor during the existence of this Stipulation and Order, the computation of annual income for purposes of the Future Income Payments shall include the Debtor's proportionate share of the total corporate annual income, to the extent such sum is greater than any dividends actually received from such corporation during the applicable year (and thus included under paragraphs 4-5 above).

7.  For purposes of the computation of Future Income Payments, the term "corporate annual income," as used in this Stipulation and Order, means the taxable income of the corporation with the following additions, subtractions, and modifications:

a.  All nontaxable income of the corporation shall be added.

b.  Federal state, and local income tax paid by the corporation for the year for which annual income is being computed shall be subtracted.

c.  The corporation's special deductions (Code Sections 24l through 250) shall not be allowed.

d.  The corporation's losses from sales or exchanges of property shall not be allowed.

e.  Carryovers or carrybacks of net operating losses incurred before or after the period covered by this Stipulation and Order shall not be allowed, and any net operating loss for any year during the period covered by this Stipulation and Order shall be carried forward and only to the immediately succeeding year.

8.  The Debtor's annual income as defined for purposes of this Stipulation and Order, and his Future Income Payment for the year 2019 shall be prorated using the period from the date of entry of this Stipulation and Order through December 31, 2019. By way of example, if the Stipulation and Order is entered on April 30, 2019 (the 119th day of the year), the Debtor's annual income for 2019, for purposes of calculating his 2019 Future Income Payment shall be 246/365 of his 2019 annual income. For each year thereafter, annual income shall be determined using the calendar year. The Debtor's obligation to make the Future Income Payments shall terminate upon the earlier of: a) the year of his death; or b) the year after Debtor becomes 75 years of age, such that the obligation includes as the final year the tax year when Debtor turns 75.

9.  The Debtor shall remit the annual Future Income Payments provided for in this Stipulation and Order (including interest pursuant to Code Sections 6621(a)(2) and 6622(a) on any delinquent payment computed from the due date of such payment) to the United States, without notice, on or before the 15th day of the 4th month following the close of the calendar or fiscal year, except that the Debtor will not be considered in default of this Stipulation and Order if the payment, with interest, is made on such later date as may be allowed to the Debtor to file a federal income tax return for such year; such payments to be accompanied by a sworn statement (in the form attached as Exhibit B to this Stipulation and Order) and copies of the Debtor's federal, state, and any local income tax returns. The sworn statement shall refer to this Stipulation and Order and show the computation of annual income in accordance with paragraphs 4, 5, 6, and 7 of this Stipulation and Order, and the further computation of the amount being paid in accordance with paragraph 1 of this Stipulation and Order.

10. If the Debtor's spouse's income is not included in the calculation of the Future Income Payments under this Stipulation and Order, but the Debtor files a joint income tax return

with such spouse, the Debtor shall also supply hypothetical (unsigned) Forms 1040 as they would be completed for the Debtor and the Debtor's spouse as if they had filed as married filing separate returns, or otherwise supply equivalent information sufficient to support the computation made under paragraph 4(e) above.

11. If the annual income for any year covered by this Stipulation and Order is zero and thus insufficient to require a payment under its terms, the Debtor shall still furnish the United States a sworn statement of such income (or lack of any income) and copies of the Debtor's federal, state, and any local income tax returns, if any. All books, records, and accounts shall be open at all reasonable times for inspection by the Internal Revenue Service and the United States Department of Justice to verify the annual income shown in the statement. The Debtor further hereby consents to the disclosure of information required to be provided hereunder for the purpose of administering this Stipulation and Order.

12. All Future Income Payments shall be made by electronic funds transfer pursuant to written instructions to be provided by the United States Attorney's Office for the Southern District of New York.

13. In the event that the Debtor's adjusted gross income for any year covered by this Stipulation and Order is thereafter increased on any amended income tax return, the Debtor shall re-compute the annual payment required under this Stipulation and Order for such year and send any portion that was not paid, together with interest at the rates referred to above in paragraph 9, to the United States in the manner specified in paragraph 12 above, and provide a copy of such amended return and a revised sworn statement (in the form attached hereto as Exhibit B) to the undersigned Assistant United States Attorney. If the Debtor's adjusted gross income for any year covered by this Stipulation and Order is proposed by the Internal Revenue Service to be increased

as the result of any audit or examination, the Debtor shall immediately advise the United States at the office indicated in paragraph 12 above of a potential need to re-compute the payment that was due under this Stipulation and Order for such year, shall pay any additional amount that the Debtor agrees was due hereunder (with interest at the rates referred to above), and shall remain liable for any additional amount determined to be due by a court of competent jurisdiction.

14. The aggregate amount paid under the terms of this Stipulation and Order shall not exceed the IRS Claim plus statutory additions and interest that would have become due in the absence of this Stipulation and Order.

15. Payments made under the terms of this Stipulation and Order may be applied, as between penalty and/or interest, in such order as the United States, in its sole discretion, deems to be in its best interests, and may be reapplied among the same to the extent deemed appropriate by the United States.

16. The Debtor and the Debtor's Wife shall have no right to contest in court or otherwise the IRS Claim and, in the event that the amount of such liability becomes the subject of any court proceeding, the Debtor and the Debtor's Wife agree to the immediate entry of judgment against the Debtor for the full unpaid balance of the IRS Claim.  Further, the Debtor's full performance under this Stipulation and Order, without impairment of any security interest of the United States prior to such full performance and without any unjustified preferential treatment of any other creditor, is a condition precedent to any release of the Debtor for the unpaid portion of the IRS Claim, and that default shall not be excused on grounds of any inability of the Debtor to comply with any term of this Stipulation and Order resulting from any cause or circumstance whatsoever, including the Debtor becoming the subject of any subsequent proceeding under the Bankruptcy Code.

      a.    In the event of default in any payment due under the terms of this Stipulation and Order, or in the event any other provision of this Stipulation and Order is not carried out by Debtor in accordance with its terms including but not limited to paragraph 28, or in the event the Debtor becomes the subject of any proceeding whereby the affairs of the Debtor are placed under the control of another person or under the control and jurisdiction of a court other than in a case under the Bankruptcy Code, the United States, on written notice to the Debtor and the Debtor's Wife, at its sole option, may—

      i.    proceed against the Debtor or the Debtor's Wife immediately (by suit if necessary) to collect the entire unpaid balance of the amount due under the settlement (including this Stipulation and Order); or

      ii.    proceed against the Debtor or the Debtor's Wife immediately (by suit if necessary) to collect the full unpaid balance of the IRS Claim (including the entry of a judgment, if one has not been entered), with statutory additions and interest pursuant to Code Sections 6621(a)(2) and 6622(a); or

      iii.    disregard the settlement (including this Stipulation and Order) and apply all amounts previously paid thereunder against the IRS Claim and, without further notice of any kind, collect, by levy or by proceedings supplemental to judgment or by separate suit (any restrictions against assessment and collection being waived), the balance of the IRS Claim with statutory additions and interest pursuant to Code Sections 6621(a)(2) and 6622(a).

If the United States exercises any of its remedies under this subparagraph 16(a) as against the Debtor's Wife, the Debtor's Wife does not waive, and expressly reserves, the right to assert any defenses or rights with respect to the IRS's collection of the IRS Claim from the

Debtor's Wife that she would have possessed but for her entry into this Stipulation and Order, except that Debtor's Wife shall have no right to contest in court or otherwise the amount, value or calculation of the IRS Claim, and the Government's right to a judgment against the Debtor for the full unpaid balance of the IRS Claim with interest. The Debtor and the Debtor's Wife agree that nothing in the Stipulation of Settlement Among Chapter 7 Trustee, Cheryl Schwartz, and the Debtor, including any release provided therein, shall be a defense to an action instituted in accordance with paragraph 16.

  b.  In the event that the Debtor becomes the subject of a subsequent proceeding under the Bankruptcy Code, any claim filed with the court with respect to the IRS Claim that is the subject of this Stipulation and Order may be allowed in the amount of the full unpaid balance of the IRS Claim (unless theretofore otherwise fixed by judgment), and the United States shall have the right to terminate this Stipulation and Order and seek to enforce such claim in accordance with the Bankruptcy Code, unless the following conditions are met for assumption or reinstatement of this Stipulation and Order (with the approval of the court as necessary):

    i.  the Debtor must promptly cure any payment default (with interest, including post-petition interest, pursuant to Code Sections 6621(a)(2) and 6622);

    ii.  the Debtor must demonstrate adequate assurance of future performance without deferral or delay both during the bankruptcy proceeding and after confirmation of a plan or other termination of the proceeding, and without impairment of any security interest of the United States arising by virtue of any tax lien; and

        iii.        no creditor with a claim of lower distribution priority may receive more than it would if the United States terminated this Stipulation and Order and sought enforcement of the full amount of the IRS Claim in accordance with the Bankruptcy Code;

        iv.        Further, the Debtor agrees to provide notice to the United States Attorney's Office for the Southern District of New York, and also to the appropriate Internal Revenue Service office if the Debtor becomes the subject of any proceeding under the Bankruptcy Code, making reference in such notice to the settlement (including this Stipulation and Order), and the Debtor agrees that, unless both such notices are provided, the United States may be deemed not to have notice of the bankruptcy.

17.        The Debtor and Debtor's Wife (notwithstanding her reservation of rights in Paragraph 16) waive the benefit of any statute of limitations applicable to the assessment and/or collection of the IRS Claim, and agree to the suspension of the running of the statutory period of limitations on assessment and collection for the period during which any installment or payment under this Stipulation and Order remains unpaid or any provision of this Stipulation and Order is not carried out in accordance with its terms, and for one year thereafter.

18.        Any net operating losses or capital losses sustained for years ending before the date on which this Stipulation and Order is entered, and any unused credits from any such years, shall not be taken into account as loss carryovers or credit carryovers in computing the Debtor's annual income for purposes of Future Income Payments under this Stipulation and Order for the year in which this Stipulation and Order is entered or any subsequent year. If this Stipulation and Order is

entered in the second half of the current tax year, then this paragraph shall also extend to any net operating loss, capital loss, or unused credit from the current tax year.

19. Any overpayment of any federal tax liability (income, excise, employment, or otherwise) made by the Debtor with respect to any tax period ended before the date on which this Stipulation and Order is entered, to the extent claimed as an overpayment within the applicable period of limitations, shall be applied to the IRS Claim sought to be compromised under this Stipulation and Order.

20. All federal taxes due and owing with respect to any tax period ending while any other provision of this Stipulation and Order is still in effect will be timely reported and paid in accordance with the provisions of the Code (and the failure of the Debtor to do so shall constitute noncompliance entitling the United States to take any of the actions described in paragraph 16(a) above).

21. This Stipulation and Order is grounded on the premise that any financial information provided by the Debtor or other information bearing on the collectability of the liability sought to be compromised is fully truthful and accurate. Upon the discovery that any information supplied to the United States Attorney's Office for the Southern District of New York or the Internal Revenue Service in such regard contains a material misstatement of fact or a material omission, the United States may take any of the actions described in paragraph 16(a) above, provided that the United States will give the Debtor at least 30 days' written notice of the statement or omission determined to be a material misstatement or omission of fact, and that the Debtor will be afforded an opportunity to object to that determination.

22. The Debtor shall not attempt or otherwise take any action the effect of which would be to lessen the amount of income coming within the definition of annual income subject to this

Stipulation and Order by causing the Debtor's assets, or income attributable to the Debtor's assets or services, to be transferred to or realized by a family member or other nominee of the Debtor (and a breach of this provision shall entitle the United States to take any of the actions described in paragraph 16 of this Stipulation and Order).

23. In the event that any paragraph of this Stipulation and Order or any provision within any paragraph of this Stipulation and Order is declared invalid or unenforceable, the other provisions of such paragraph and the other paragraphs of this Stipulation and Order and the terms of the underlying settlement shall remain in full force and effect.

24. After all payments required by this Stipulation and Order are completed and the Injunction has been consented to by Debtor, his liability for the Civil Penalties will be deemed satisfied and the unpaid balance of the Civil Penalties will be abated. The Civil Penalties shall not be abated until all the payments required by this Stipulation and Order are completed, and the Injunction has been consented to by Debtor. Upon written request of the Debtor, the United States will provide the Debtor with documents reasonably necessary to evidence that the Debtor's liability for the Civil Penalties has been satisfied.

25. Notwithstanding the preceding paragraph, upon payment of the Settlement Payment, the United States, on behalf of itself, its agencies, departments and officers, releases the Debtor's Wife, Cheryl Schwartz, from liability for payment of the IRS Claim.

26. The United States and the Debtor agree to sign the Injunction and to submit it to the United States District Court for the Southern District of New York (the "<u>District Court</u>") for approval in the Injunction Lawsuit.

27. To the extent required, the automatic stay is lifted to permit the United States to file the Injunction Lawsuit and for the United States and the Debtor to submit the Injunction for approval to the District Court.

28. If the District Court does not enter the Injunction, the Debtor and the Government agree to work in good faith to address any deficiency in the Injunction and to resubmit it to the District Court for approval.

29. This Stipulation and Order is subject to Bankruptcy Court approval, and shall not be enforceable until such approval is obtained by Bankruptcy Court order. If not approved and entered by the Court, this Stipulation and Order shall be null and void, with no force or effect.

30. The Debtor's First Motion To Disallow the IRS Claim and the Debtor's Second Motion To Disallow IRS Claim, and the Objection To Discharge are hereby withdrawn with prejudice, and without costs or attorney's fees to either party. Debtor further agrees not to file further challenges to the IRS Claim. Nothing in this paragraph diminishes Debtor's rights pursuant to this Stipulation and Order.

31. Whenever, under the terms of this Stipulation and Order, written notice is required to be given or documentation is required to be provided to the United States, it shall be directed to Mónica P. Folch, Assistant United States Attorney, 86 Chambers Street, 3rd Floor, New York, New York, 10007, via U.S. certified mail, return receipt requested, unless notice is provided by the United States of a change of address.

32. The Parties understand and agree that this Stipulation and Order contains the entire agreement between them, and that any statements, representations, promises, agreements, or negotiations, oral or otherwise, between the Parties that are not included herein shall be of no force or effect.

33. The Stipulation and Order shall be governed by, interpreted under, and construed in accordance with federal law.

34. This Stipulation and Order may only be modified or amended by the written consent of all the Parties and with any necessary Bankruptcy Court approval.

35. This Stipulation and Order may be executed in one or more counterparts, each of which shall be deemed to be one and the same.

36. The Bankruptcy Court shall have exclusive jurisdiction to enforce this Stipulation and Order.

Dated: Hackensack, New Jersey
      April 30, 2019

SHAPIRO, CROLAND, REISER, APFEL
  & DI IORIO, LLP
*Counsel for the Debtor*

By: /s/ John P. Di Iorio
   JOHN P. DI IORIO, ESQ.
   411 Hackensack Avenue
   Hackensack, New Jersey 07601
   Tel: (201) 488-3900

Dated: New York, New York
      April 30, 2019

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
*Counsel for the Government*

By: /s/ Monica P. Folch
   MÓNICA P. FOLCH
   Assistant United States Attorney
   United States Attorney's Office
   Southern District of New York
   86 Chambers Street, 3rd Floor
   New York, NY 10007
   Tel: (212) 637-6559

Dated: New York, New York
      April 30, 2019

WILK AUSLANDER
*Counsel of the Debtor's Wife*

By: /s/ Eric J. Snyder
   ERIC J. SNYDER, ESQ.
   1515 Broadway,
   New York, New York 10036
   Tel: (212) 981-2328

Dated: New York, New York                        Dated: New York, New York

April 30, 2019                                           April 30, 2019

/s/ Michael N. Schwartz                          /s/ Cheryl Schwartz
MICHAEL N. SCHWARTZ                       CHERYL SCHWARTZ
*Debtor*

    On May 7, all parties in interest jointly moved by notice of presentment for approval of the settlement outlined in the above stipulation [ECF No. 145], properly served [ECF No. 146], and no oppositions have been filed; and the Court having review the settlement among the parties pursuant to 9019 and having found that it is a sound exercise of the trustee's business judgment to enter into the settlement and that the settlement is fair and reasonable and in the best interest of the creditors and the Debtor's estate, It is hereby ordered that the settlement is approved

**SO ORDERED:**

Dated: New York, New York
       June 4, 2019

                                 *s/ Mary Kay Vyskocil*
                                 Honorable Mary Kay Vyskocil
                                 United States Bankruptcy Judge